**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Michael J. Liberati | : | |
|     Plaintiff, | : | Civil Action No.: 2:05-cv-1661 |
| v. | : | |
| | : | PLAINTIFF'S |
| BRT, INC. | : | PRETRIAL MEMORANDUM |
| and | : | |
| Harold Mast, President | : | |
| BRT, INC. | : | |
|     Defendants. | : | |

## Plaintiff's Pretrial Memorandum

Pursuant to the United States District Court Eastern District of Pennsylvania Local Rules of Civil Procedure, Rule 16.1(c), Pretrial Procedure, the plaintiff files the following pretrial memorandum.

### I.  Jurisdictional Statement

This action seeks redress for violations of rights guaranteed under Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), as codified, 42 U.S.C. § 12101 et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., 42 U.S.C. § 1981a et seq. and 42 U.S.C. § 1988 et seq., which incorporates by reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.; the Pennsylvania Human Relations Act, as amended, Section 5, 43 P.S. § 951 et seq. (PHRA) and state/federal law governing intentional and/or negligent infliction of emotional distress.

The plaintiff invokes the jurisdiction of the Court pursuant to Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), as codified, 42 U.S.C. § 12101 et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., 42 U.S.C. §

1981a et seq., and 42 U.S.C. § 1988 et seq., which incorporates by reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.; and pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, subject matter jurisdiction and 28 U.S.C. § 1367, supplemental jurisdiction, since all state law claims are so related to the claims within the original jurisdiction of the Court that they form part of the same case and/or controversy.  The amount in controversy exceeds, exclusive of interest and costs, the sum of $150,000.00, one hundred and fifty thousand dollars.

The plaintiff timely filed a charge of discrimination/harassment/retaliation with the Pennsylvania Human Relations Commission (PHRC) which charge was dual filed with the Equal Employment Opportunity Commission (EEOC). Efforts by the PHRC/EEOC to obtain voluntary compliance with the defendants have been unsuccessful. The alleged unlawful practices of the defendants were not eliminated through conciliation, conference and/or persuasion.

The plaintiff has complied with all the jurisdictional and administrative prerequisites to this action under the applicable statutes.  The plaintiff was issued a right to sue letter by the EEOC which letter was dated and mailed to him on February 4, 2005.

## II.  Short Statement of Facts

The plaintiff, Michael J. Liberati, is an adult male who resides at 516 Turnbridge Court, Avondale PA  19311.  He is a citizen of the United States and a resident of this District.  Defendant, BRT, Inc., is a business/corporation, qualified to transact business in the Commonwealth of Pennsylvania.  BRT, Inc. maintains its principal place of business at 813 North Octorara Trail, Parkesburg, PA  19365-0419.  BRT, Inc. is a trucking/transport company.  BRT, Inc. employed the plaintiff from July, 2001 until

December, 2002. BRT, Inc., did (at the time of the plaintiff's employment) and continues to employ 15 or more employees as per the ADA and the PHRA. Defendant, Harold Mast, is the President of BRT, Inc.. He is being sued individually and/or in his official capacity as a representative of BRT, Inc. as provided by the PHRA.

The plaintiff was (during the time of his employment with BRT, Inc.) and continues to be a qualified individual with a disability as provided by the ADA and the PHRA. The plaintiff was diagnosed with depression and Attention Deficit Hyperactivity Disorder (ADHA) in 2000. ADD/ADHA is a lifelong disability that is a genetically based neurodevelopment disorder with chronic neuropsychiatric sequellae and comorbidity with anxiety disorders, depression and substance use/abuse. The plaintiff's disabilities substantially limit his ability to perform several major life activities including concentrating and thinking.

The plaintiff was employed by the defendant, BRT, Inc., as a router/dispatcher from July, 2001 until December, 2002. The plaintiff was originally hired for the position of dispatcher, then shortly prior to his request for reasonable accommodation and his subsequent discharge, his duties where expanded to include routing tasks. Routing tasks require a high level of concentration. By letter dated November 12, 2002 to Harold Mast, the plaintiff informed his employer that he suffered from disabilities and requested reasonable accommodation after his duties were expanded so that he could have a quieter place to work and concentrate.

In the November 12, 2002 letter, the plaintiff requested that he be permitted to perform his job duties in an area of the defendants' offices where any distractions could be minimized. The plaintiff also stated that he was open to any alternative

accommodations that the defendants could suggest in order to reasonably accommodate his disabilities. The defendants did not provide any reasonable accommodation to the plaintiff at any time after the plaintiff made the formal request for reasonable accommodation. The defendants did not suggest or provide any other alternative reasonable accommodation to the plaintiff at any time after the plaintiff made the formal request for reasonable accommodation. The defendants never even spoke to the plaintiff about his request for reasonable accommodation and they never requested any documentation from the plaintiff or his physicians evidencing his disabilities. The plaintiff's reasonable accommodation request was not an undue hardship because the defendants had/have numbers of areas where the plaintiff could perform his duties with limited distractions. At all times, the defendants failed to participate in the interactive process to determine a reasonable accommodation for the plaintiff's disabilities.

Subsequent to his engaging in protected activity and/or requesting reasonable accommodation, the plaintiff was harassed and retaliated against when he was issued unwarranted and fabricated reprimands and unwarranted and fabricated negative evaluations. On December 16, 2002, the defendants informed the plaintiff, by a letter signed by Wayne E. Lapp, that he was discharged. The plaintiff's discharge occurred approximately one month after the plaintiff formally requested reasonable accommodation. The sole and/or motivating reason for the plaintiff's discharge is disability discrimination, retaliation and harassment.

In the alternative, the plaintiff maintains that the defendants committed illegal discrimination and/or retaliation by failing to afford him with reasonable accommodation and by discharging, harassing and retaliating against him because he was regarded as

4

disabled as per the definition provided at 42 U.S.C. § 12102(2) and any other correlating federal and/or state law. The plaintiff was regarded as disabled by the defendants because he (1) has a physical or mental impairment that does not substantially limit a major life activity but was treated by the defendants as constituting such limitation; (2) has a physical or mental impairment that substantially limits a major life activity as a result of the attitudes of defendants and/or employees within the defendant company toward such impairment; or (3) has no such impairment but was treated by the defendants as having a substantially limiting impairment. The illegal discrimination/retaliation is based in whole or in part upon the plaintiff's disabilities as perceived by the defendants.

The defendants filed a motion for summary judgment on February 10, 2005. The plaintiff's responded to the motion on February 15, 2005. In his opposition, the plaintiff opposed the dismissal of his claims for discrimination, failure to provide reasonable accommodation; discrimination "regarded as" disabled; retaliation; discrimination/retaliation pursuant to the PHRA; aiding/abetting as per defendant, Harold Mast; and negligent/intentional infliction of emotional distress. The plaintiff conceded to the dismissal of his claim for harassment/hostile work environment.

The plaintiff has sufficiently and reasonably mitigated all damages.

### III. Monetary Damages Claimed

Plaintiff demands judgment against the defendant for lost wages (and raises) and bonuses, lost pension, 401K and various insurance benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, compensatory damages, punitive damages, damages for emotional/psychological distress, reasonable attorney fees and costs incurred herein, such

other and further relief as permitted under Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), as codified, 42 U.S.C. § 12101 et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., 42 U.S.C. § 1981a et seq. and 42 U.S.C. § 1988 et seq., which incorporates by reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.; the Pennsylvania Human Relations Act, as amended, Section 5, 43 P.S. § 951 et seq. (PHRA) and state/federal law governing intentional and/or negligent infliction of emotional distress; and/or as the Court deems proper, including but not limited to: declaratory and/or injunctive and/or equitable relief, and litigation and pre- and/or post-judgment interest on all money awarded and damages for delay.

Recently the 7th Circuit has concluded that compensatory and punitive damages are unavailable under the ADA for retaliation claims, *Kramer v. Banc of Am. Sec.*, 355 F.3d 961 (7th Cir. 2004). The court ruled that the only remedies available for ADA retaliation claims are equitable remedies such as back pay and reinstatement. In addition, the *Kramer* court determined that since equitable remedies are granted by a judge, there is no right to a jury trial on the issue of ADA retaliation claims.

Back pay is permitted under both the ADA and the PHRA and back pay and interest on back pay is not included in the damage caps, see 42 U.S.C. § 1981a(b)(2), which provision has been incorporated into the ADA, 42 U.S.C. § 12117(a). Front pay is also permitted and the United States Supreme Court has said that front pay is not included in the caps concerning Title VII cases, *Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001)*. Injunctive relief is also available. ADA compensatory damage caps are as follows: 100 employees or less, $50,000; 101-200 employees, $100.000; 201-

500 employees, $200,000; 500+ employees, $300,000, 42 U.S.C. § 1981a(b)(3). Compensatory damages include future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, 42 U.S.C. § 1981a(b)(3).

Punitive damages are available under the ADA with the same caps applying to punitive damages under the ADA as for compensatory damages, see 42 U.S.C. § 1981a(b)(3), which provision has been incorporated into the ADA, 42 U.S.C. § 12117(a). In order to obtain punitive damages under the ADA an individual must show that "the employer has engaged in intentional discrimination and has done so with malice or reckless indifference to the federally protected rights of an aggrieved individual." *Id.; Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999). Punitive damages are not available under the PHRA, *Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998).

An award of attorney fees under the PHRA is discretionary, *Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998). The ADA statute also says that attorney fees *may* be awarded, 42 U.S.C. § 12205 and 42 U.S.C. § 12117.

In *Gagliardo v. Connaught Laboratories Inc.*, 311 F.3d 565 (3rd Cir. 2002), the Third Circuit held that a claimant is not precluded from recovering greater damages under a state law claim that is virtually identical to the capped federal claim. The court reasoned that the absence of a cap under Pennsylvania state law for damages indicates that the state law was intended to provide a remedy beyond that of its federal counterpart. So, pursuant to *Gagliardo*, under the PHRA a plaintiff can recover compensatory damages for disability discrimination claims without any caps which includes emotional distress damages. And, a plaintiff can recover unlimited compensatory damages for a

disability retaliation claim under the PHRA, even if the federal ruling in *Kramer* is held to apply in the Third Circuit. Since Pennsylvania state law does not limit the remedies available pursuant to a disability retaliation claim, a claimant under the PHRA seeking redress for disability retaliation is not limited to equitable relief.

The plaintiff has also sued for negligent/intentional infliction of emotional distress pursuant to Pennsylvania state common law.

### IV. Trial Witness List

The plaintiff's list of witnesses for trial is attached hereto as *Exhibit A*.

### V. Schedule of Exhibits

The plaintiff's schedule of exhibits for trial is attached hereto as *Exhibit B*.

### IV. Estimated Time for Trial

Counsel for plaintiff estimate that this trial will take approximately 3-4 days total.

Respectfully submitted by:

SIGNATURE CODE: SAZ4759
s/Sharon Ann Ziegler, Esq.

Sharon Ann Ziegler, Esq.
PA Attorney ID # 64027
5118 Foxfire Trail
Kingsport, TN  37664
(423) 288-9623

JOHN NEUMANN HICKEY, Esq.
PA Attorney ID# 618896
20 West Front Street
Media, PA  19063
(610) 891-8883

ATTORNEYS FOR PLAINTIFF

DATE:  February 17, 2005

# CERTIFICATE OF SERVICE

I, Sharon Ann Ziegler, Esq., the undersigned and attorney of record for the plaintiff in the case *Liberati v. BRT, Inc. et al., Civil Action File No.: 2:05-cv-1661* hereby certifies that a true and correct copy of *Plaintiff's Pretrial Memorandum*, was served on February 17, 2006 via e-mail transmission and regular U.S. mail, to the following counsel of record:

        Michael J. Crocenzi, Esq.
        Goldberg Katzman
        320 Market Street
        Strawberry Square
        P.O. Box 1268
        Harrisburg, PA  17108-1268

        Attorney for Defendants


        SIGNATURE CODE:  SAZ4759
        s/Sharon Ann Ziegler, Esq.