# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA


### Civil Action, File Number: 2:05-cv-1661

| | | |
|---|---|---|
| Michael J. Liberati | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | JURY INSTRUCTIONS, |
| BRT, INC. | : | JURY INTERROGATORIES, |
| | : | VERDICT FORMS |
| and | : | |
| | : | |
| Harold Mast, President | : | |
| BRT, INC. | : | |
| | : | |
| Defendants. | : | |


## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS,
## JURY INTERROGATORIES AND VERDICT FORMS


Plaintiff requests that the following 46 Jury Instructions, 10 Jury Interrogatories and 2 Verdict Forms be submitted to the jury during the trial of this case which is schedule to commence on April 18, 2006.

## 1. *Summary of ADA Claim*

It is unlawful for an employer to intentionally discriminate against an individual who was disabled or regarded as disabled by his employer in regard to job application procedures, hiring, advancement, discharge, employee compensation, failure to provide reasonable accommodation, job training, and other terms, conditions, or privileges or employment. Plaintiff in this case, Michael J. Liberati, alleges that Defendants, BRT, Inc. and Harold Mast, intentionally discriminated against him when they discharged him. Defendants deny the claim and maintain that he was discharged due to a legitimate business reason. It is your responsibility to determine whether Plaintiff has proven [his/her] claim by a preponderance of the evidence.

**Source of Instruction:** 42 U.S.C. §12112(a); 29 C.F.R. §1630.4.

## *2.  Qualified Individual with a Disability*

A qualified individual with a disability under the Americans'
with Disabilities Act is defined as a person "with a disability
who, with or without reasonable accommodation, can perform the
essential functions of the employment position that such
individual holds or desires.  A disability is defined as a
physical or mental impairment that substantially limits one or
more of the major life activities of an individual; has a record
of such impairment or is/was regarded by his employer as having
such an impairment.

**Source of Instruction:** 42 U.S.C. § 12111 (8); 42 U.S.C. §
12102(2)(A).

### 3.   *"Disability"*

The term "disability" means, with respect to an individual, one who:

1. has a physical or mental impairment that substantially limits one or more of the major life activities of that person, or

2. has a record of such an impairment, or

3. is regarded as having such an impairment.

**Source of Instruction:** 42 U.S.C. §12102(2); 29 C.F.R. §1630.2(g).

## 4.   *"Disability" — Short Form*

The term "disability" means, with respect to an individual, a physical impairment that substantially limits one or more of the major life activities of the individual, or that an individual is regarded as having such an impairment.

**Source of Instruction:** *Riemer v. Illinois Dep't of Transp.,* 148 F.3d 800, 804 (7th Cir. 1998).

**5. "Regarded As Disabled"**

In the present case the plaintiff maintains that the defendants unlawfully regarded him as disabled and discharged him and failed to provide him with reasonable accommodation based on illegal discrimination and retaliation. Under the Americans with Disabilities Act an employee is regarded as disabled by his employer when his employer perceives him to have (1) a physical or mental impairment that does not substantially limit a major life activity but was treated by the defendants as constituting such limitation; (2) has a physical or mental impairment that substantially limits a major life activity as a result of the attitudes of the defendants and/or employees within the defendant company toward such impairment; or (3) has no such impairment but was treated by the defendants as having a substantially limiting impairment. The illegal discrimination/retaliation is based upon the plaintiff's disabilities as perceived by the defendants.

**Source of Instruction:** 42 U.S.C. § 12102(2); *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).

**6.  *"Disability" - Perceived Limitation***

An individual is "regarded as" having a disability if he:

1. has a physical or mental impairment that does not substantially limit a major life activity, but is perceived by Defendant as having such a limitation;

2. has a physical or mental impairment that is substantially limiting only as a result of the attitudes of others towards the impairment; or

3. does not have an impairment at all but is perceived by Defendant as having such a substantially limiting impairment.

**Source of Instruction:** *Federal Bar Ass'n Sub-Committee on Pattern Jury Instructions*, at 7 (July, 1997); 29 C.F.R. §1630.2(1); 29 C.F.R. pt. 1630B, App. §1630.2(1); *MacDonald v. Delta Airlines, Inc.*, 94 F.3d 1437, 1444 (10th Cir. 1996). *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).

### 7. *McDonnell-Douglas* Analysis

Under the ADA, an employee has the initial burden of establishing a *prima facie* case of discrimination. This may be done by showing, that:

1. the individual was regarded as a disabled person within the meaning of the ADA by his employer;

2. he or she was able to perform the essential functions of the job for which he held; and

3. the defendant discharged him and/or failed to provide him with reasonable accommodation because they regarded him as disabled.

If the employee succeeds in establishing a *prima facie* case, the employer must then articulate a legitimate, nondiscriminatory reason for its actions.   In this case the employer must show that the plaintiff was discharged for a legitimate reason and the employer must independently show that that they had a legitimate reason for failing to provide a reasonable accommodation to the plaintiff ex. undue hardship or request for accommodation was unreasonable.

Where the employer produces such evidence, the employee must then prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but were, in fact, a pretext for discrimination.

The employee must also carry the ultimate burden of showing, that the employer intentionally discriminated against him or her in violation of the ADA.

**Source of Instruction:** *Talk v. Delta Airlines,* 165 F.3d 1021, 1024 (5th Cir. 1999). *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).

**8.  *Elements of Cause of Action - Essential Functions***

In order for Plaintiff to establish a case of discrimination under the Americans with Disabilities Act, Plaintiff must prove all of the following by a preponderance of the evidence:

1. That he was regarded as a disabled person within the meaning of the ADA by his employers;

2. That he was able to perform the essential functions of the job which he held; and

3. Defendants discharged him and/or failed to provide reasonable accommodation because of his disability as perceived by the defendants.

**Source of Instruction:** *E.E.O.C. v. Wal-Mart Stores, Inc.,* 11 F. Supp. 2d 1313, 1318 (D.N.M. 1998).  42 U.S.C. § 12102(2); *Taylor v. Pathmark Stores, Inc.,* 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department,* 380 F.3d 751 (3rd Cir. 2004).

## *9.  Preemption of Other Laws*

Section 501(b) of the ADA states that:

Nothing in this Act shall be construed to invalidate or limit
the remedies, rights, and procedures of any Federal law or law
of any State or political subdivision of any State or
jurisdiction that provides greater or equal protection for the
rights of individuals with disabilities than are afforded by
this Act.

**Source of Instruction:** 29 C.F.R. pt. 1630, App. §1630.1(b)(c);
42 U.S.C. §1220 (b).  *Gagliardo v. Connaught Lab, Inc.,* 311 F.3d
565 (3rd Cir. 2002).  *Nero v. Indus. Molding Corp.,* 167 F.3d 921,
925 (5th Cir. 1999).

## 10.   "Essential Functions of Position"

The phrase "essential functions" of an employment position means the basic, fundamental duties of the job the person with a disability holds or desires. Essential functions do not include the marginal functions of the position. A job function may be considered essential for any of several reasons, including but not limited to the following:

1. the position exists in order to perform that function;

2. the performance of that job function can only be distributed among a limited number of available employees; and/or

3. the function may be so highly specialized that a person is hired for [his/her] expertise or ability to perform that particular function.

In determining whether a particular function is essential, you may consider:

1. the employer's judgment as to which functions are essential;

2. written job descriptions prepared before advertising or interviewing applicants for the job;

3. the amount of time spent on the job performing the function;

4. the consequences of not requiring the employee to perform the function;

5. the work experience of past incumbents in the job;

6. the current work experience of persons with similar jobs; and/or

7. the terms of a collective bargaining agreement.

**Source of Instruction:** *Barber v. Nabors Drilling U.S.A., Inc.,* 130 F.3d 702, 708 (5th Cir. 1997); 29 C.F.R. §1630.2(n).

## 11.   "Essential Functions of Position" - Alternate

In determining whether a job function is essential, you should consider the following factors: [(1) The employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of persons who have held the job; (7) the current work experience of persons in similar jobs; (8) whether the reason the position exists is to perform the function; (9) whether there are a limited number of employees available among whom the performance of the function can be distributed; (10) whether the function is highly specialized and the individual in the position was hired for his or her expertise or ability to perform the function; and (11) any other relevant factors supported by the evidence.

No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential.

The term "essential functions" means the fundamental job duties of the employment position the plaintiff holds or for which the plaintiff has applied. The term "essential functions" does not include the marginal functions of the position.

## Comments

**Source of Instruction:** *Draft Model Jury Instructions (Civil) Eighth Circuit* §5.52(B)(2004).

## 12.  *Reasonable Accommodation*

Federal law requires employers to provide reasonable accommodation to employees who are disabled or regarded as disabled unless the accommodation would impose an undue hardship on the employer or pose a direct threat to the employee or others. Failure to provide a reasonable accommodation constitutes disability discrimination.

"Direct threat" means a significant risk of substantial harm to the health or safety of the employee or others that cannot be eliminated or reduced by reasonable accommodation.

A reasonable accommodation is a modification or adjustment to the work environment or to the manner in which a job is performed. A reasonable accommodation may include: modifying or adjusting a job application process to enable a qualified applicant with a disability to be considered for the position; making existing facilities used by employees readily accessible to and usable by individuals with disabilities; job restructuring; part-time or modified work schedule; reassignment to a vacant position; acquisition or modifications of examinations, training materials or policies; provision of qualified readers and interpreters; other similar accommodations for individuals with Plaintiff's disabilities.

A reasonable accommodation does not include changing or eliminating any essential function of a job, shifting any of the essential functions of the job to others, or creating a new position for the disabled employee. If Plaintiff rejects a reasonable accommodation that is necessary to enable Plaintiff to perform the essential functions of the position, and, as a result, cannot perform the essential functions of the position, Plaintiff cannot be considered a qualified individual.

An "undue hardship" is an action that would create significant difficulty or expense for employer, considering the nature and cost of the accommodation, the overall financial resources of employer, the effect of the accommodation on expenses and resources, and the impact of the accommodation on the operations of employer, including the impact on the ability of other employees to perform their duties and the impact on employer's ability to conduct business.

Plaintiff bears the burden of proposing an accommodation that would enable him to perform the job effectively and is, at least on the face of things, reasonable. If Plaintiff meets this

burden, then Defendant bears the burden of proving that the accommodation Plaintiff proposed would have been an undue hardship.

**Comments**

**Source of Instruction:** Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §3.2 (2004). *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).

### 13.   *"Reasonable Accommodation"*

A "reasonable accommodation" is defined by the ADA as the modification or adjustments to the work environment, or to the manner of circumstances under which the position held is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position.

**Source of Instruction:** *Barber v. Nabors Drilling U.S.A., Inc.*, 130 F.3d 702, 709 (5th Cir. 1997).

**14.   *"Reasonable Accommodation" — Benefits and Privileges***

The term "reasonably accommodate" means any effective modification or adjustment to the workplace that makes it possible for a person with a disability to perform the essential functions of their employment position or to enjoy the same benefits and privileges of employment that are available to any person without a disability.

**Source of Instruction:** *Russel v. Plano Bank & Trust*, 130 F.3d 715 (5th Cir. 1997).

**15.   *Reasonable Accommodation for Regarded As Disabled Employees***

An employee that is regarded as disabled by his employer is
entitled to request a reasonable accommodation in good faith.
Good faith would mean that he reasonable believed he needed the
accommodation.   If an employer fails to provide a reasonable
accommodation when it regarded the employer as disabled that
constitutes disability discrimination.

**Source of Instruction:**   *Taylor v. Pathmark Stores, Inc.*, 177
F.3d 180, 188 (3rd Cir. 1999).   *Williams v. Philadelphia Housing
Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).
*Shellenberger v. Summit Bancorp., Inc.*, 318 F.3d 183 (3rd Cir.
2003).

**16.  *Plaintiff's Burden – Reasonable Accommodation***


It is Plaintiff's burden to prove that the accommodation he suggests would be effective, that is, that the accommodation would enable him to do his job for which is qualified.

If you find that Plaintiff has met this part of his burden, then Defendants may still prevail if they prove by a preponderance of the evidence that the accommodation or accommodations which Plaintiff proposes would be an undue hardship or unreasonable.

If the defendants cannot establish that the requested reasonable accommodation was unreasonable or an undue hardship then you must determine that since the defendants failed to accommodate the plaintiff the defendants unlawfully discriminated against him.

**Source of Instruction:** *Geuss v. Pfizer, Inc.,* 971 F. Supp. 164, 172-73 (E.D. Pa. 1996).  *Taylor v. Pathmark Stores, Inc.,* 177 F.3d 180, 188 (3rd Cir. 1999).  *Williams v. Philadelphia Housing Authority Police Department,* 380 F.3d 751 (3rd Cir. 2004).

### 17. *Plaintiff's Suggestions*

The term "reasonable accommodation" means making modifications in or to the workplace that allow an individual with a known or perceived disability to perform the essential functions of the job, or that allow an individual with a known or perceived disability to enjoy the same or equivalent benefits and privileges as other similarly situated employees without disabilities.

In determining whether an accommodation was appropriate, and if so, reasonable, you may consider the following:

1. The accommodation (if any) suggested by Plaintiff;

2. The accommodation (if any) offered by Defendant;

3. The accommodation (if any) that Defendant knew or should have known was available;

4. The extent of the cooperation between Plaintiff and Defendant, in identifying and evaluating potential accommodations.

**Source of Instruction:** *Federal Bar Ass'n Subcommittee on Pattern Jury Instructions*, at 13-14 (July 1997); 29 C.F.R. §1630.2(o); *Labor and Education Committee Report* at 62-67; 29 C.F.R. pt. 1630, App. §1630.2(o); *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1168 (10th Cir. 1996); *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1172 (10th Cir. 1996).

**18.  *Discussions About Reasonable Accommodation***

After you determine that the plaintiff requested reasonable accommodation it is required that the employer initiate a discussion with the employee about appropriate accommodations. Unlawful discrimination occurs when the employer fails to engage in any discussion with the employee about the requested reasonable accommodation.

**Source of Instructions:** *Mengine v. Runyon*, 114 F.3d 415 (3rd Cir. 1997; *Jacques v. Clean-Up Group, Inc.*, 96 F.3d 506, 514 (1st Cir. 1996).

**19.  *Good Faith Effort to Make Reasonable Accommodation***

You must decide in favor of Plaintiff if he demonstrates by a preponderance of the evidence that:

1. Plaintiff informed Defendant that reasonable accommodations were needed because of his disability;

2. Defendants did not make a good faith effort and consult with Plaintiff to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity to perform his job; and

3. the reasonable accommodation would not cause an undue hardship on the operation of Defendant's business.

**Source of Instruction:** *Haschmann v. Time Warner Entertainment Co.*, 8 A.D. Cas. (B.N.A.) 692, 700 n.12 (7th Cir. 1998); *See* 42 U.S.C. §1981a(a)(3); *Mengine v. Runyon*, 114 F.3d 415 (3rd Cir. 1997; *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).

**20.   *Plaintiff's Burden of Proof – Direct & Circumstantial Evidence***

To prevail on a claim of disability discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant had a reason or motive to discriminate against him. Plaintiff must prove, either directly or indirectly, that Defendant engaged in intentional discrimination. Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that Plaintiff's disability was a motivating factor in Defendant's treatment of Plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that disability was a motivating factor in Defendant's treatment of Plaintiff.

**Source of Instruction:** 42 U.S.C. §12112(a); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

**21.   Reasonable Accommodation Cases (Specific Accommodation Identified)**

Your verdict must be for plaintiff and against defendant if all of the following elements have been proved by a preponderance of the evidence:

First, plaintiff was perceived by the defendants as having ADD/ADHD; and

Second, defendant knew of plaintiff's cognitive impairments; and

Third, plaintiff could have performed the essential functions of the position he held at BRT, Inc. at the time defendants discharged him and failed to provide him with reasonable accommodation; if he had been provided with the reasonable accommodation of a quieter working space.

Fourth, providing a quieter working space to the plaintiff as he requested would have been reasonable; and

Fifth, defendant failed to provide the plaintiff with a quieter working space and failed to provide any other reasonable accommodation.

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for defendant.

**Comments**

**Source of Instruction:** *Draft Model Jury Instructions (Civil) Eighth Circuit* §5.51(C) (2004).

**22.   Elements of Cause of Action – Failure to Provide Reasonable Accommodation**

To find for Plaintiff, you must find that Defendant unreasonably failed to provide accommodations that were reasonable, available and would have allowed Plaintiff to perform the essential functions of his job.

**Comment**

**Source of Instruction:** *Moore v. Walker*, 2001 U.S. App. LEXIS 26402 (10th Cir. 2001) (unpublished). *Mengine v. Runyon*, 114 F.3d 415 (3rd Cir. 1997; *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004).

## 23.  *Evidence Motivating Factor*

Plaintiff need not show that disability discrimination was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that he has proven that, although there were other factors, he would not have been discharged or not given reasonable accommodation without the disability discrimination.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual could establish discrimination and retaliation. "Pretextual" means false or, though true, not the real reason for the action taken.

### Comments

**Source of Instruction:** Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §3.1 (2).

## 24.   "Motivating Factor"

The term "motivating factor" means a consideration that moved Defendant toward its decision or a factor that played a part in an employment decision.

**Source of Instruction:** Adapted from *Model Jury Instructions (Civil) Eighth Circuit* §5.01 n.4, 6 (2001); *Model Jury Instructions (Civil) Ninth Circuit* §11.5.1 (1997); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 238 n.2 (1989) ("a Title VII violation is made out as soon as the plaintiff shows that an impermissible motivation played a part in an employment decision.").

"Motivating factor" also has been equated with "a significant factor" and "substantial factor." *See Price Waterhouse*, 490 U.S. at 265; (O'Connor, J. concurring) (substantial factor); *Fadhl v. City & County of San Francisco*, 741 F.2d 1163, 1166 (9th Cir. 1984) (significant factor).

**25.   *"Pretext"***

Defendant may attempt to show that it had nondiscriminatory and legitimate reasons for its actions. If Defendant has offered such reasons for its discharge and/or failure to provide reasonable accommodations to the Plaintiff, Plaintiff may show that these were not the true reasons for Defendant's actions or conduct and that Defendant's reasons are really a pretext or cover up for discrimination. If Plaintiff makes such a showing, you may infer an unlawful motive from Defendant's false or pretextual reasons for its actions.

**Source of Instruction:** 3 Devitt, Blackmar & Wolf, *Federal Jury Practice and Instructions*, §§81.03, 104.02 (4th ed. 1987); *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

## 26.  *Essential Elements (Perceived Disability)*

Your verdict must be for plaintiff and against defendant if all of the following elements have been proved by the preponderance of the evidence:

*First*, defendant regarded plaintiff's ADD/ADHD as substantially limiting plaintiff's ability to think and concentrate;

*Second*, defendants discharged plaintiff or failed to provide him with the reasonable accommodation of a quieter work space;

*Third*, plaintiff could have performed the essential functions of his job at BRT, Inc. at the time defendants discharged him and/or failed to provide him with reasonable accommodation;

*Fourth*, plaintiff's disabilities as perceived by the defendants was a motivating factor in defendants' decision to discharge the plaintiff; or plaintiff disabilities as perceived by the defendants was a motivating factor in defendants' decision not to provide the plaintiff with a reasonable accommodation.

If any of the above elements has not been proved by the preponderance of the evidence then your verdict must be for defendant.

**Source of Instruction:** *Model Jury Instructions (Civil) Eighth Circuit* §5.51(B) (2001).

**27.   *Retaliation Prima Facie Case***

To establish unlawful retaliation by using indirect evidence, Plaintiff must prove what is called a *prima facie* case of retaliation.

To establish a *prima facie* case, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. He engaged in an activity protected by the ADA, in this case requesting reasonable accommodation;

2. Defendant took an adverse employment action against him either after or contemporaneous with the protected activity, in this case the defendants discharged the plaintiff; and

3. there was a causal connection between Plaintiff's protected activity and the adverse employment action.

**Source of Instruction:** *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997); *Krause v. American Sterilizer Co.*, 126 F.3d 494, 500 (3rd Cir. 1997). *Fogleman v. Mercy Hosp. Inc.*, 283 F.3d 561 (3rd Cir. 2002)(quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494 (3rd Cir. 1997)).

**28.  *Plaintiff's Burden of Proof - Retaliation***

To prevail on a claim of retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant had a reason or motive to improperly retaliate against him when it discharged him. Plaintiff must prove, either directly or indirectly, that Defendant harbored retaliatory animus.  If you find that plaintiff requested reasonable accommodation in good faith based on his disabilities and then the defendant was motivated by this request and discharged him, you must find in favor of the plaintiff.

The plaintiff must prove a claim of illegal retaliation under the anti-discrimination statutes by establishing that (1) he engaged in a protected activity which includes requesting reasonable accommodation; (2) that he was subjected to an adverse employment action which includes discharge; (3) that there is a causal link between the adverse employment action and the protected activity; (4) that the employer discharged the plaintiff either after or contemporaneous to the his request for reasonable accommodation.

Direct evidence of retaliation is evidence of remarks or actions that, if believed, would directly prove that Plaintiff's protected conduct was a motivating factor in Defendant's treatment of Plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that Plaintiff's protected conduct was a motivating factor in Defendant's treatment of Plaintiff.

**Source of Instruction:** Adapted from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004). *Shellenberger v. Summit Bancorp., Inc.*, 318 F.3d 183 (3rd Cir. 2003). *Fogleman v. Mercy Hosp. Inc.*, 283 F.3d 561 (3rd Cir. 2002)(quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494 (3rd Cir. 1997)).

**29.   Retaliation Disability**

It is not necessary for a plaintiff to prove that he is actually disabled in order to prevail on a retaliation claim.   The right to request reasonable accommodation in good faith is a guarantee under the Americans' with Disabilities Act.   A plaintiff only needs to have a good faith belief that he was entitled to request the reasonable accommodation.

**Source of Instruction:**   *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999).   *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004). *Shellenberger v. Summit Bancorp., Inc.*, 318 F.3d 183 (3rd Cir. 2003).

**30.  Retaliation "Pretext" Cases**

It is not necessary for Plaintiff to prove that a retaliatory motive was the sole motivation of, or even a primary motivation for, Defendants' decision to terminate him. Plaintiff need only prove that it was a determinative factor in the decision even though other factors may have motivated Defendant.

Once Plaintiff shows that a retaliatory motive was a determinative factor in Defendants' decision, it is Defendants' burden to articulate a legitimate, nonretaliatory reason for its decision to terminate Plaintiff.

If Defendant does so, Plaintiff must prove by a preponderance of the evidence that the proffered legitimate reason is in fact a pretext and that retaliation was a determinative factor in Defendants' decision. Plaintiff retains the ultimate burden of persuading you by a preponderance of the evidence that he was retaliated against as he claims.

Plaintiff claims that Defendants' reasons for terminating him are not the true reasons why he was terminated, that such reasons are unworthy of belief, and that the true reason for his termination was that he reasonably requested reasonable accommodation.

When you consider Plaintiff's evidence that the reason advanced by Defendants is a pretext, the relevant question is whether or not Defendants' reason was the real reason for its actions. You may consider whether Defendants' reason is merely a cover-up for unlawful retaliation.

Pretext may be proven either directly, by proving that a retaliatory reason more likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence. In either case, the evidence must persuade you that Plaintiff's request for reasonable accommodation was a determining factor in the decision to discharge him. In other words, Plaintiff must demonstrate, by a preponderance of the evidence, that but for the fact that he requested reasonable accommodation, he would not have been discharged.

If Plaintiff has persuaded you by a preponderance of the evidence that the reason offered by Defendants for the termination is only a pretext or cover-up for what was at least partially a discriminatory or retaliatory purpose — then you may infer that Plaintiff has satisfied his burden of proof that

Defendants intentionally retaliated against him because of his request for reasonable accommodation.

**Source of Instruction:** *Provencher v. CVS Pharm.*, 145 F.3d 5, 9 (1st Cir. May 26, 1998).

**31.  Retaliation — Pretext**

Plaintiff accuses defendants of violating federal law by retaliating against him for engaging in protected activities, namely, for requesting reasonable accommodation. Requesting reasonable accommodation is a "protected activity." To succeed on this claim, plaintiff must prove by a preponderance of the evidence that:

*First*, Defendants took an adverse employment action against him, discharge;

*Second*, were it not for his protected activity, requesting reasonable accommodation, defendants would not have taken adverse employment action against him, i.e. discharged him.

Plaintiff is not required to prove that his request for reasonable accommodation, protected activity claim, had merit in order to prove the retaliation claim.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service. An adverse employment action by a supervisor is an action of the employer.

Plaintiff need not show that retaliation was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that he has proven that, although there were other factors, he would not have been discharged without the retaliation.

In order to succeed on the discrimination claim, plaintiff must persuade you, by a preponderance of the evidence, that were it not for disability discrimination, he would not have been discharged.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

**Comments**

**Source of Instruction:** Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §5.1 (2004). *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3rd Cir. 1999). *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3rd Cir. 2004). *Shellenberger v. Summit Bancorp., Inc.*, 318 F.3d 183 (3rd Cir. 2003). *Fogleman v. Mercy Hosp. Inc.*, 283 F.3d 561 (3rd Cir. 2002)(quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494 (3rd Cir. 1997)).

## 32.  *Adverse Employment Action by Supervisor*

An adverse employment action by a supervisor is an action of the employer.

## Comments

**Source of Instruction:** Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §1.1 (2004).

### 33.  Harold Mast – Aiding and Abetting

You must find in favor of the plaintiff and against defendant, Harold Mast, if you determine that Harold Mast aided, abetted, incited, compelled, coerced, forced, required, requested, recommended, consented, assisted, acquiesced, and/or insisted that BRT, Inc. discharge the plaintiff or failed to provide reasonable accommodation to the plaintiff.

Source of Instruction:  43 P.S. § 954, § 955, § 955(e).

**34.  *Actual Damages***

If you find in favor of Plaintiff under Instruction _____ and if you answer "no" in response to Instruction _____, then you must award Plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of Defendant's decision to discharge him and decision not to reasonably accommodate him. Plaintiff's claim for damages includes three distinct types of damages and you must consider them separately:

1. any wages and fringe benefits Plaintiff would have earned in his employment with Defendants if he had not been discharged on December 16, 2002 through the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from other employment during that time.

2. any future wages and fringe benefits Plaintiff would reasonably have earned in his employment with Defendant from the date of your verdict through *[specify cutoff date for any "front pay" award]*, minus the amount of earnings and benefits Plaintiff will receive from other employment during that time.

3. any other damages sustained by Plaintiff, such as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Plaintiff has a duty under the law to "mitigate" his damages — that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find by the preponderance of the evidence that Plaintiff failed reasonable seek out and obtain other employment you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

**Source of Instruction:** Adapted from *Model Jury Instructions (Civil) Eighth Circuit* §5.02 (1998).

**35.  *Compensatory Damages***

If you find Defendant is liable to Plaintiff under the ADA, Plaintiff is also entitled to recover damages in an amount which will reasonably compensate him for the loss and injury suffered as a result of Defendant's unlawful conduct. You may award Plaintiff reasonable compensation for the following:

1. pain, suffering, and physical or emotional distress;

2. embarrassment and humiliation;

3. loss of enjoyment of life; that is, Plaintiff's loss of the ability to enjoy certain aspects of his life as a result of Defendant's discriminatory actions; and

4. any out-of-pocket expenses or losses incurred as a result of the unlawful discrimination.

You may consider the testimony and the demeanor of Plaintiff in considering and determining a fair allowance for any damages for emotional distress, humiliation, and loss of enjoyment of life. Emotional harm may manifest itself, for example, as sleeplessness, anxiety, stress, depression, marital strain, embarrassment, humiliation, loss of respect, emotional distress, loss of self-esteem, or excessive fatigue. Physical manifestations of emotional harm may also occur, such as ulcers, headaches, skin rashes, gastrointestinal disorders, or hair loss.

In the determination of the amount of the award, it will often by impossible for you to arrive at a precise award. These damages are intangible, and it is difficult to arrive at a precise evaluation of actual damage for emotional harm from race and/or national origin discrimination. No opinion of any witness is required as to the amount of such reasonable compensation. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence.

**Source of Instruction:** 3 Devitt, Blackmar & Wolf, *Federal Jury Practice and Instructions*, § 104.06 (4th ed. 1987); *Block v. R.H. Macy & Co.*, 712 F.2d 1241, 1245 (8th Cir. 1983); *E.E.O.C. Policy Guide on Compensatory and Punitive Damages Under 1991 Civil Rights Act* (B.N.A., 1992) at II(A)(2), as modified; *Stallworth v. Shuler*, 777 F.2d 1431 (11th Cir. 1985).

### 36.   *Value of Lost Medical and Life Insurance Benefits*

You may include in the calculation of lost wages and benefits any amount that Plaintiff actually sustained for lost medical-dental insurance payments and lost group life insurance payments.

**Source of Instruction:** *Tolan v. Levi Strauss & Co.,* 867 F.2d 467, 470 (8th Cir. 1989).

### 37.  *Future Out of Pocket Expenses*

If you find for Plaintiff, you should also consider future out
of pocket expenses. These include future costs which Plaintiff
has shown by a preponderance of the evidence are reasonably
likely to occur as a result of Defendant's discriminatory
conduct.

**Source of Instruction:** *Kohnke v. Delta Airlines, Inc.*, 5 A.D.
Cas. (B.N.A.) 334, 342 (E.D. Ill. 1995).

### 38.  *Nonpecuniary Damages*

With respect to nonpecuniary damages, you are to consider the emotional pain, suffering, inconvenience and mental anguish suffered by Plaintiff, if any.

**Source of Instruction:** *Riemer v. Illinois Dep't of Transp.,* 148 F.3d 800, 808 (7th Cir. 1998).

### 39.  *Backpay*

If you find that Defendant unlawfully discriminated against Plaintiff on the basis of his disability, you must determine the amount of backpay that Plaintiff should receive.

In determining backpay, you are to award Plaintiff an amount equal to the wages and benefits that he would have received from Defendant had he not been discharged from the time of the discharge, December 16, 2002 until the date of the trial. You must deduct from this sum whatever wages Plaintiff has earned from other employment during this period [and whatever wages and benefits you find that Defendant has proven Plaintiff failed to earn from substantially comparable employment].

**Source of Instruction:** *Federal Bar Ass'n Subcommittee on Pattern Jury Instructions*, at 32 (July 1997).

**The defendants and the plaintiff have agreed that if you award back pay damages for the years 2002, 2003, 2004 until April, 2005 when the plaintiff obtained employment with Sunoco then you should award the amount $41,904.88.**

**You must determine the amount of back pay damages for April, 2005 until the trial.  The plaintiff has been employed at Sunoco during that time and he claims that although he earns more money at Sunoco he has lost earnings due to increased travel time and costs associated with increased travel time and losses due to lack of benefits.**

## 40.  *Negligent Infliction of Emotional Distress*

You may award damages for negligent infliction of emotional distress if you find that due to the defendants actions which only need to arise to level of negligence, the plaintiff sustained some sort of bodily injury which may manifest itself as mental and/or emotional distress.

**Source of Instruction:**    *Simmons v. Pacor, Inc.,* 674 A.2d 232 (Pa. 1986).

### 41.  *Intentional Infliction of Emotional Distress*

If you find that the actions of the defendants in causing emotional distress to the plaintiff were more than negligent and that the defendants' conduct was extreme and outrageous then you may award damages for intentional infliction of emotional distress.

**Source of Instruction:**  *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3rd Cir. 1988).

**42.   *Punitive Damages***

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish Defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff under Instruction _____ and if you answer "no" in response to Instruction _____, [*same decision instruction*] and if you find that Defendant acted with malice or with reckless indifference to Plaintiff's right not to be discriminated against on the basis of [his/her] disability, then in addition to any damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendant or to deter Defendant and others from like conduct in the future. Whether to award Plaintiff punitive damages, and the amount of those damages, are within your discretion.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

**Source of Instruction:** Adapted from *Model Jury Instructions (Civil) Eighth Circuit* §5.04 (2001); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991).

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion. The purpose of a punitive damage award is to punish Defendant or deter Defendant and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of Defendant's conduct (how reprehensible or blameworthy was it), the impact of that conduct on Plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between Plaintiff and Defendant, the likelihood that Defendant or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the size of such an award. You may determine reprehensibility by considering whether the harm was

physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice, trickery, deceit, or mere accident.

## Comments

**Source of Instruction:** Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §8.1 (2005).

### 43.   *Punitive Damages – No Egregious or Outrageous Behavior Required*

If an employer has engaged in intentional discrimination and acted with malice or reckless indifference to the employee's federally protected rights under Title VII, then Plaintiff is entitled to recover punitive damages.

An award of punitive damages does not require showing egregious or outrageous discrimination or retaliation. The relevant inquiry is whether the employer knew or showed reckless disregard for whether its conduct was prohibited by Americans' with Disabilities Act. That is the federal law under which the lawsuit is brought. They have to either know what they were doing was wrong or not care. That is what is meant by reckless disregard.

If you find by a preponderance of the evidence that Defendant acted with malice or reckless indifference to Plaintiff's rights, then you may make an award of punitive damages.

### Comments

**Source of Instruction:** *Le v. University of Pennsylvania*, 2001 U.S. Dist. LEXIS 10539 (E.D. Pa. 2001). *Kolstad v. American Dental Association*, 1999 WL 407481 (U.S.).

## 44.   *Liability of Employer*

Punitive damages can properly be awarded against an employer because of an act by an employee if, but only if:

1. the company-employer, itself, or a managerial employee of the company authorized the doing and manner of the act;

**or**

2. the employee who did the act was employed in a managerial capacity and was acting in the scope of employment;

**or**

3. the company-employer, itself, or a managerial employee of the company ratified or approved the act.

**Source of Instruction:** *E.E.O.C. v. Wal-Mart Stores, Inc.,* 11 F. Supp.2d 1313, 1322 n.2 (D.N.M. 1998).

## 45.   *"Managerial Employee"*

A person is a managerial employee if [he/she] has the stature and authority to exercise control, discretion, and independent judgment over a certain area of a business, including personnel, or has some power to set policies for the company.

**Source of Instruction:** *E.E.O.C. v. Wal-Mart Stores, Inc.,* 11 F. Supp.2d 1313, 1322 n.2 (D.N.M. 1998).

## 46. *Liability of a Corporation*

A corporation can act only through its officers and employees. Any act or omission of an officer or an employee of a corporation, within the scope or course of [his/her] employment, is the act or omission of the company.

**Source of Instruction:** *E.E.O.C. v. Wal-Mart Stores, Inc.,* 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).

**INTERROGATORY #1 - Impairment**

Was Plaintiff, at the time of [his/her] termination, an individual that was regarded by Defendant as having a physical or mental impairment that substantially limited a major life activity?

Yes_____   No_____

**INTERROGATORY #2 - Elements of Cause of Action — Disability, Essential Functions, and Reasonable Accommodation**

1. Was Plaintiff regarded as disabled by the defendants as defined by the Americans with Disabilities Act?

2. Was Plaintiff otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation?

3. Did Plaintiff suffer an adverse employment (discharge or failure to reasonably accommodate) action solely by reason of his disability of ADD/ADHD as perceived by the defendants?

4. Did Plaintiff inform Defendant that reasonable accommodations were needed because of Plaintiff's disability?

5. Did Defendant make good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity at the workplace and that would not cause an undue hardship on the operation of Defendant's business?

**Comment**

**Source of Instruction:** *Kiphart v. Saturn Corp.,* 251 F.3d 573, 580 (6th Cir. 2001).

**INTERROGATORY #3- Disability Was Motivating Factor**

Do you find that Plaintiff's disability as perceived by the
defendants was a motivating factor in Defendants' decision to
not provide the plaintiff with reasonable accommodation?

Yes _____     No _____


**Source of Instruction:** 42 U.S.C. §12112(a).

**INTERROGATORY #4- Disability Was Motivating Factor**

Do you find that Plaintiff's disability as perceived by the defendants was a motivating factor in Defendants' decision to discharge the plaintiff Plaintiff?

Yes _____     No _____


**Source of Instruction:** 42 U.S.C. §12112(a).

**INTERROGATORY #5- Because of Disability**

Do you find, by a preponderance of the evidence, that Plaintiff has proved that he was terminated because of his alleged disability as perceived by the defendants?

Yes _____     No _____

**Source of Instruction:** *McNelly v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1071 (11th Cir. 1996).

**INTERROGATORY #6— Retaliation**

Do you find, by a preponderance of the evidence, that Plaintiff has proved that he was discharged because he requested reasonable accommodation?

Yes _____     No _____

**Source of Instruction:** *McNelly v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1071 (11th Cir. 1996).

**INTERROGATORY #7– Harold Mast**

Do you find that Harold Mast aided, abetted, incited, compelled, coerced, forced required, requested, recommended, consented, assisted, acquiesced, and/or insisted that BRT, Inc. discharge the plaintiff or failed to provide reasonable accommodation to the plaintiff.

Yes _____      No _____

**Source of Instruction:**  43 P.S. § 954, § 955, § 955(e).

**INTERROGATORY #8– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1.  Were the acts of the defendants in discharging plaintiff and failing to provide him with reasonable accommodation negligent?

Yes_____     NO_____

If the answer to number one is yes then answer number 2.

2.  Did the plaintiff sustained some sort of bodily injury which may manifest itself as mental and/or emotional distress.

Yes_____     NO_____

**Source of Instruction:**   *Simmons v. Pacor, Inc.*, 674 A.2d 232 (Pa. 1986).

**INTERROGATORY #9- Intentional Infliction of Emotional Distress**

Were the actions of the defendants in causing emotional distress to the plaintiff were more than negligent?
Was 0the defendants' conduct was extreme and outrageous?

**Source of Instruction:**   *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3rd Cir. 1988).

**INTERROGATORY #10— Punitive Damages**

Did Defendant act with malice or reckless indifference to Plaintiff's disability so as to justify an award of punitive damages?

**Source of Instruction:** Americans' with Disabilities Act

**VERDICT FORM #1— All Damages – Regarded As Disabled**

1. Has Plaintiff proved by a preponderance of the evidence that he was regarded as disabled by his employer BRT, Inc.?

If your answer is "NO," do not answer further questions. If your answer is "YES," proceed to answer question 2.

2. Has Plaintiff proved by a preponderance of the evidence that Defendants discriminated against him as an employee when they regarded him as disabled and discharged him or failed to provide him with reasonable accommodation?

If your answer is "NO," do not answer further questions. If your answer is "YES," proceed to answer question 3.

3.  If you answered yes to #2, then you must enter an award of backpay damages for 2002, 2003, 2004 until April, 2005 in an amount totaling $41,904.88.  And, you must proceed to enter damage amounts as listed in #4.

4. State in dollars the amount of damages Plaintiff has proved for:

    (a) Back pay 2002-April, 2005        $41,904.88

    (b) Back pay for April, 2005 to time of trial  _____

    (c) Front pay  _____

    (d) Compensatory damages  _____

    (e) Emotional distress damages  _____

                            TOTAL :  _____

5.   State  in  dollars  the  amount  of  damages  Plaintiff  has  proved
against  Harold  Mast  for  aiding,  abetting,  inciting,  compelling,
coercing,   forcing,   requiring,   requesting,   recommending,
consenting,  assisting,  acquiescing,  and/or  insisting  that  BRT,
Inc.   discharge   the   plaintiff   and/or   not   provide   reasonable
accommodation  to  the  plaintiff.

ANSWER:_____


6.  State  in  dollars  the  amount  of  punitive  damages,  if  any,  you
award  for  intentional,  malicious  and/or  reckless  disregard  of
Plaintiff's  rights  as  an  employee  who  was  regarded  as  disabled
by  Defendants.


ANSWER:_____

**VERDICT FORM #2— All Damages – Retaliation**

1. Has Plaintiff proved by a preponderance of the evidence that the defendants retaliated against him because he requested reasonable accommodation?


If your answer is "NO," do not answer further questions. If your answer is "YES," proceed to answer question 2.


2.  If you answered yes, then you must enter an award of backpay damages for 2002, 2003, 2004 until April, 2005 in an amount totaling $41,904.88.


3. State in dollars the amount of damages Plaintiff has proved for:

    (a) Back pay 2002-April, 2005                $41,904.88

    (b) Back pay for April, 2005 to time of trial    _____

    (c) Front pay                                _____

    (d) Compensatory damages                     _____

    (e) Emotional distress damages               _____

                                TOTAL :          _____


5.  State in dollars the amount of damages Plaintiff has proved against Harold Mast for aiding, abetting, inciting, compelling, coercing, forcing, requiring, requesting, recommending, consenting, assisting, acquiescing, and/or insisting that BRT, Inc. discharge the plaintiff and/or not provide reasonable accommodation to the plaintiff.

ANSWER:_____


4. State in dollars the amount of punitive damages, if any, you award for malicious and/or reckless disregard of Plaintiff's rights as a disabled employee.


ANSWER:_____

Respectfully Submitted,

SIGNATURE CODE:  SAZ4759
s/Sharon Ann Ziegler, Esq.
SHARON ANN ZIEGLER, ESQ.
5118 Foxfire Trail
Kingsport, TN  37664

JOHN NEUMANN HICKEY, ESQ.
20 West Front Street
Media, PA  19063

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Sharon Ann Ziegler, Esq., the undersigned and attorney of record for the plaintiff in the case *Liberati v. BRT, Inc. et al., Civil Action File No.: 2:05-cv-1661* hereby certifies that a true and correct copy of *Plaintiff's Requested Jury Instructions, Jury Interrogatories and Verdict Forms*, was served on April 14, 2006 via e-mail transmission as agreed by the parties, to the following counsel of record:

Michael J. Crocenzi, Esq.
Goldberg Katzman
320 Market Street
Strawberry Square
P.O. Box 1268
Harrisburg, PA  17108-1268

Attorney for Defendants

SIGNATURE CODE:  SAZ4759
s/Sharon Ann Ziegler, Esq.